IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| William L. Butler, | Case No. 25-11644-AMC |
| Debtor. | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER REQUIRING THE RETURN OF FEES AND CANCELLING ENGAGEMENT LETTER PURSUANT TO 11 U.S.C. § 329 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2016 AND 2017**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 329 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") and rules 2016 and 2017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requiring the return of all payments (the "Payments") received by Earl D. Raynor Jr., Esquire ("Attorney Raynor") in contemplation of or in connection with the bankruptcy case of William L. Butler ("Debtor") as well as cancelling all agreements relating to such compensation (the "Engagement Letter"). In support of this Motion, the U.S. Trustee states as follows:

1

# JURISDICTION

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.  This Motion is filed pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rules 2016 and 2017.

2.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion.  *Id.*

3.      When Congress granted the U.S. Trustee broad statutory standing under 11 U.S.C. §307 and 28 U.S.C. § 586 it intended to create an:

> "enforcer[] of the bankruptcy laws [who would bring] proceedings in the bankruptcy courts in particular cases in which particular action taken or proposed to be taken deviate[d] from the standards established by the ... bankruptcy code."

*See In re: A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1996) quoting, H.Rep.No. 989, 95th Cong., 2d Sess. 88. (brackets in original).  Hence, Congress

expects the U.S. Trustee "to actively oversee the administration of bankruptcy cases and to intervene whenever particular actions threatened an abuse of the bankruptcy system or its procedures." *Id.* at 775-76. Examination of the Payments and Engagement Letter impacts upon the integrity of cases arising under the Bankruptcy Code.

4. The Court's duty of oversight of fee matters embraces a broad supervisory power over any fees charged by attorneys in contemplation of, or in connection with, a bankruptcy case. *See, e.g., In re Fleet*, 95 B.R. 319, 338 (E.D. Pa. 1989).

5. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND

6. On April 29, 2025, the Debtor filed an individual voluntary petition (Docket No. 1) (the "Petition") for relief under chapter 7 of the Bankruptcy Code, which initiated the above-captioned case.

7. The Debtor did not sign the Petition. *See*, Petition Part 7.

8. The Debtor failed to file with the Petition all the documents required by Bankruptcy Rule 1007 and the case may be dismissed if the documents are not filed. *See*, Order Requiring Documents at Docket No. 3

3

9. The Debtor is <u>not</u> eligible for a discharge. *See* the U.S. Trustee Motion Objecting to Discharge under Section 727(a)(8) at Docket No. 4.

10. The Debtor recently filed two other chapter 7 cases that were not successful. On April 22, 2025, the Debtor filed Case No. 25-11544-AMC, which was dismissed on April 24, 2025. Also on April 22, 2025, the Debtor filed Case No. 25-11550-AMC which was also dismissed on April 24, 2025. Attorney Raynor was the counsel to the Debtor in each of the recently dismissed cases.

11. Attorney Raynor has not made the disclosures regarding compensation required by Bankruptcy Rule 2016 and Bankruptcy Code section 329. *See e.g.,* Rule 2016-4 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "<u>Local Rules</u>").

## **REQUEST FOR RELIEF**

12. Through this Motion, the U.S Trustee seeks entry of an order requiring the return of all Payments received by Attorney Raynor in contemplation of or in connection with the bankruptcy case of the Debtor, as well as cancelation of the Engagement Letter.

13. As noted by the Third Circuit in its recent seminal decision upholding an order requiring the return of fees by counsel to the chapter 7 debtor and cancellation of the fee agreement, the bankruptcy system requires openness and transparency to maximize recoveries for creditors and give debtors a fresh start. *In re Aquilino*, 2025 U.S. App. LEXIS 9758, at *1 (3d Cir. Apr. 24, 2025). Counsel is statutorily obligated to disclose all fees and payments made for services in

4

connection with the bankruptcy case under Bankruptcy Code section 329(a), and to do so on an ongoing basis under Bankruptcy Rule 2016. *Id.* at *19. Sanctions for violations of Bankruptcy Code section 329 include the return of fees collected and cancellation of fee agreements for bankruptcy-related services. *Id. at *14.*

14. Bankruptcy Code section 329(a) requires that any attorney representing a debtor in connection with a bankruptcy case file with the court a statement of the amount of compensation paid or promised for services rendered "in contemplation of or in connection with the case" in the year before the petition date. 11 U.S.C. § 329(a). Bankruptcy Rule 2016(b) requires the filing and transmittal of the statement required by § 329(a) to the U.S. Trustee not later than 14 days after the order for relief. Fed. R. Bankr. P. 2016(b). Bankruptcy Rule 2016(b) imposes a continuing duty on debtor's counsel to supplement the original statement if new payments or agreements not previously disclosed come to light. *Simone v. No Respondent (In re All Cases in Which Robin L. Musher is Counsel of Record)*, 387 B.R. 669, 675 (Bankr. W.D. Pa. 2008).

15. Bankruptcy Code section 329 and Bankruptcy Rule 2016(b) require the attorney's full and complete disclosure of any payment made by, for, or on behalf of a debtor as well as any agreement relating to compensation. *Walton v. Dellutri Law Grp. (In re Dellutri Law Grp.)*, 482 B.R. 642, 648 (Bankr. M.D. Fla. 2012). "Without full and complete disclosure of the fee agreements…debtor's counsel would impermissibly force the court and parties to 'ferret out pertinent information.'" *Id.* at 649-50 (citing *In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991)).

5

Case 25-11644-amc    Doc 5    Filed 04/30/25    Entered 04/30/25 16:18:47    Desc Main
Document      Page 6 of 10

16. "Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts.  Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480 (6th Cir. 1996).  Section 329(a) includes both pre-petition and post-petition agreements and payments, which "must be disclosed if they [have] not previously been fully and completely disclosed." *Walton v. Whitcomb (In re Whitcomb)*, 479 B.R. 133, 142 (Bankr. M.D. Fla. 2012); *see also Rittenhouse v. Eisen*, 404 F.3d 395, 397 (6th Cir. 2005) (holding that § 329(a) applies to both pre-petition and post-petition attorneys' fees).  The disclosure requirements of § 329(a) and Rule 2016(b) apply "whether or not the attorney ever applies for compensation[.]" *Consumer Seven Corp. v. United States Trustee (In re Fraga)*, 210 B.R. 812, 822 (9th Cir. BAP 1997).

17. The disclosure requirements are "mandatory, not permissive." *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993) (quoting *In re Bennett*, 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991)); *In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 883 (Bankr. M.D. Fla. 2000). Bankruptcy Code section 329(a) demands that an attorney be forthright in disclosing "the precise nature of the fee arrangement" with the debtor. *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995) (quoting In re Glenn Elec. Sales Corp., 99 B.R. 596, 600 (D.N.J. 1988). "Counsel's fee revelations must be direct and comprehensive.  Coy or

6

incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient." *In re Saturley*, 131 B.R. at 517. The disclosures by counsel must be "precise and complete." *In re Berg*, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006) (internal quotation omitted).

18. Absent complete disclosure, the court is unable to make an informed judgment regarding the nature and amount of compensation paid or promised by the debtor for legal services in contemplation of bankruptcy. The failure to satisfy the disclosure requirements of Bankruptcy Code section 329(a) and Bankruptcy Rule 2016(b) may result in sanctions, "even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *Park-Helena Corp.*, 63 F.3d at 880; *Fraga*, 210 B.R. at 822.

19. An attorney who violates Bankruptcy Code section 329(a) and Bankruptcy Rule 2016(b) *forfeits any right to receive compensation for services rendered on behalf of the debtor and* **may be ordered to return fees already received**. *See, e.g., Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997) (concluding that "[a]n attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney's fees"); *Park-Helena Corp.*, 63 F.3d at 882 ("Even a negligent or inadvertent failure to disclose fully relevant information [in a Rule 2016 statement] may result in a denial of all requested fees."); *Jensen v. U.S. Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 849 (10th Cir. BAP 1997) (stating that an attorney's failure to disclose a

7

retainer in his Rule 2016(b) statement is sufficient to deny all fees, even if the non-disclosure was negligent or inadvertent); *Fraga*, 210 B.R. at 822 ("The consequences of an attorney's violation of the disclosure requirements regarding fees include denial of all fees requested."); *In re Greco*, 246 B.R. 226, 231 (Bankr. E.D. Pa. 2000) ("If counsel refuses to provide the requisite disclosures, *id.*, ¶ 2016.1, at 2016.3 to 2016–4, or charges payments which the court fails to find are reasonable, *id.*, ¶ 329.04[2], at 329–22 to 329–23, compensation received may be disallowed totally or in part.") (citing *Collier*).

20.    Bankruptcy Code section 329(b) provides that "the court may cancel any such agreement, or order the return of any such payment" where "such compensation exceeds the reasonable value of any such services". 11 U.S.C. § 329(b). Similarly, Bankruptcy Rule 2017(a) provides that the court may determine, either *sua sponte* or upon motion by a party in interest, whether any payment or transfer of property to an attorney "in contemplation of" the filing of the bankruptcy petition was excessive. Fed. R. Bankr. P. 2017(a). Bankruptcy Code section 329(b) and Bankruptcy Rule 2017(a) "furnish the court with express power to review payments to attorneys for excessiveness and to restore the status quo when assets have improvidently been bartered for legal services[.]" *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987); *see also*, *In re Walters*, 868 F.2d 665, 667 (4th Cir. 1989) (quoting *In re Martin*). This review is irrespective of the nature of the services rendered in contemplation of bankruptcy. *See Keller Fin. Servs.*, 248 B.R.

8

at 878; *Wooton v. Dixon (In re Dixon)*, 143 B.R. 671, 678 (Bankr. N.D. Tex. 1992); *In re Rheuban*, 121 B.R. 368, 378 (Bankr. C.D. Cal. 1990).

21. The burden of proof rests with the attorney to establish that the fees are reasonable in matters involving challenges to attorney fees under Bankruptcy Code section 329. *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998).

22. Here, Attorney Raynor has not met his burden of demonstrating the reasonableness of the Payments received. Attorney Reynor has not made the disclosures required by Bankruptcy Code section 329(a) and Bankruptcy Rule 2016(b), and thus the Court can cancel the Engagement Letter and require the return of the Payments pursuant to Bankruptcy Code section 329(b) and Bankruptcy Rule 2017.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: April 30, 2025

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (202) 934-4154
John.Schanne@usdoj.gov