IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| William L. Butler, | § § | Case No. 25-11644-AMC |
| Debtor. | § § | |

### SETTLEMENT STIPULATION BY AND BETWEEN
### UNITED STATES TRUSTEE AND EARL D. RAYNOR JR., ESQUIRE

This stipulation (the "Stipulation") is entered into by and between Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), and Earl D. Raynor JR., Esquire ("Counsel" and together with the U.S. Trustee, the "Parties") and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"). The Parties hereby stipulate the following:

### RECITALS

WHEREAS, on April 29, 2025, William L. Butler (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), which initiated the case captioned *In re William L. Butler*, Case No. 25-11644 (the "Butler Case");

WHEREAS, on April 30, 2025, the U.S. Trustee filed the *Motion of the United States Trustee to Deny Discharge Pursuant to 11 U.S.C. § 727(a)(8)* (Docket No. 4) (the "727(a)(8) Motion");

WHEREAS, on April 30, 2025, the U.S. Trustee filed the *Motion Of The United States Trustee For Entry Of An Order Requiring The Return Of Fees And Cancelling Engagement Letter Pursuant To 11 U.S.C. § 329 And Federal Rules Of Bankruptcy Procedure*

1

*2016 And 2017* (Docket No. 5) (the "329 Motion" and together with the 727(a)(8) Motion, the "U.S. Trustee Motions");

WHEREAS, the U.S. Trustee Motions were based in part on Counsel's prior and present bankruptcy filings for Debtor which demonstrated that Counsel is unfamiliar with bankruptcy practice;

WHEREAS, Counsel contacted the U.S. Trustee in response to the U.S. Trustee Motions (the "Response");

WHEREAS, through execution of this Stipulation, Counsel certifies that he (i) primarily practices criminal law and is not a bankruptcy practitioner, (ii) is not counsel of record to any debtor in any case pending before the Court other than the Butler Case, and (iii) received only a single payment from the Debtor in the amount of $1,500; and

WHEREAS, the Parties engaged in good-faith, arm's-length discussions regarding the U.S. Trustee Motions and Response and issues related thereto, and as a result thereof entered into this Stipulation, which contains the proposed terms upon which the Parties agree to resolve the U.S. Trustee Motions matter on a consensual basis without need for an evidentiary hearing.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

**STIPULATION**

1. Counsel shall make a $1,500 payment to Debtor to refund the fee he received in the Butler Case.

2. Counsel shall make the payment within fourteen (14) days of entry of the Stipulation Order (as that term is defined below).

3. Counsel shall file a statement on the docket stating that the payment has been made to the Debtor.   The statement shall be filed within seven (7) days of Counsel making payment to the Debtor.

4. The Debtor is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(8).

5. This Stipulation is subject to and conditioned upon the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation (the "Stipulation Order").

6. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

7. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

8. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the Stipulation to be duly executed as set forth below.

Dated: May 9, 2025

| United States Trustee | Earl D. Raynor JR, Esq. |
|---|---|
| By: _____<br>John Schanne, Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>Robert NC Nix, Sr. Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>Phone: (202) 934-4154<br>Email: john.schanne@usdoj.gov<br><br>Counsel for United States Trustee | By: _____<br>Earl D. Raynor JR.<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Phone: (215) 254-0299<br>Email: earlraynor@yahoo.com |

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| William L. Butler, | § | Case No. 25-11644-AMC |
| | § | |
| Debtor. | § | |

**ORDER APPROVING SETTLEMENT STIPULATION BY AND BETWEEN**
**UNITED STATES TRUSTEE AND EARL D. RAYNOR JR., ESQUIRE**

Upon consideration of the *Settlement Stipulation By and Between United States Trustee and Earl D. Raynor JR., Esquire* (the "Stipulation"),[1] and the Court having considered the Stipulation, all related filings, and the record as a whole, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Stipulation having been sufficient under the circumstances and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Stipulation is APPROVED in all respects.

2. Counsel shall make payment to the Debtor in the amount of $1,500 as more fully set forth in the Stipulation.

3. The Debtor shall not be granted a discharge, but the Butler Case will be administered by the chapter 7 trustee and otherwise in the usual course.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

2

4.  The Court retains jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: _____          _____
  Honorable Ashely M. Chan
  United States Chief Bankruptcy Judge